Nash, C. J.
 

 There are two counts in the declaration; the first, for a misdemeanor in the sale of the property
 
 en masse;
 
 the second for a conversion.
 

 The defendant, a constable, levied upon some corn, fodder,
 
 *398
 
 peas, cows, cord-wood, a yawl boat, etc., to satisfy an execution in Ms bands against tbe plaintiff, pn tbe day of sale, the corn was in the shuck, and divided into five lots; how. much corn was in each pile the case does not state, but the ■whole is stated to have been one hundred and fifty bushels. It was sold by the pile. The peas were in the pod, and the whole sold together; and so with the fodder. Neither the yawl boat nor cattle were present at the sale.
 

 "When an officer levies an execution upon properly, it is his duty so to conduct the sale as will be most beneficial to all parties. The law points out no particular mode in which an officer shall conduct his sales ; but he is bound by general principles to sell the property in that way which will probably bring the most money. He is the agent of both parties, appointed by the law to conduct the sale, and must act in good faith to both, and both are interested that the articles shall bring the greatest amount of money; particularly is it important to the defendant.
 

 "When various articles are levied upon, they cannot be sold
 
 en
 
 masse; the officer must conform as nearly as possible to such rules as a prudent man would pursue in selling his own property.
 
 Jones
 
 v. Lewis, 8 Ire.
 
 70
 
 ;
 
 McLeod
 
 v. Pearce,
 
 et al,
 
 2 Hawks 110. Upon this count his Honor’s charge was incorrect. He was requested by the defendant to charge the jury that in point of law the corn was properly sold; this was refused, and his Honor left it to the jury under the general instructions given in the first part of the charge. Whether the corn was properly sold was a question of law, to be decided by the Court; the facts were solely in the province of the jury. It is similar to the question of probable cause in an action for malicious prosecution; the facts being ascertained by the jury, the Court is to pronounce the law upon them. So in the case of reasonable diligence and reasonable notice.
 

 In our case, the jury ought to h§,ve been instructed that the corn was properly sold by the defendant; that it was legally sold. An officer may sell a field of standing corn, but he is not obliged to gather it. So he may sell a pile of unshucked
 
 *399
 
 corn. The practiced eye of the experienced farmer can pretty well inform him of the quantity of corn, both in the field and in the pile. A man may sell an ox or hog in a pen, but he is under no obligation, unless he contract to do so, to butcher the animals. The purchaser’s eye is his chapman.
 

 As there must be a
 
 venire de
 
 novo, it is unnecessary to take notice of the charge on the second, count.
 

 Per Curiam.
 

 Judgment reversed, and
 
 veni/re de novo.